IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

UNITED STEEL WORKERS LOCAL
UNION 978,

Plaintiff,

v.                                              No. 1:09-cv-01055

PACKAGING CORPORATION
OF AMERICA,

Defendant.

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS
MOOT DEFENDANT'S MOTION TO DISMISS**

_____

The questions presented in this case come before the Court in the form of three dispositive motions: Defendant Packaging Corporation of America's ("PCA") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry ("D.E.") No. 5), and the parties' cross-motions for summary judgment under Fed. R. Civ. P. 56 (D.E. Nos. 12 and 13). For the reasons set forth hereinafter, the Court **GRANTS** Defendant's motion for summary judgment (D.E. No. 12), **DENIES** Plaintiff United Steel Workers Local Union 978's (the "Union") motion for summary judgment, (D.E. No. 13), and **DENIES AS MOOT** Defendant's motion to dismiss (D.E. No. 5).

FACTUAL BACKGROUND

Both parties in this case concede that there is no disagreement as to any of the material facts; consequently, their dispute is solely a matter of law. (D.E. No. 15, PCA's Response to Union's Motion for SJ, p. 2 n.2.) The relevant, agreed-upon factual context is as follows.

PCA is a Delaware corporation with its principal place of business in Counce, Tennessee. (D.E. No. 1, Complaint, ¶ 5.) The Union is the certified exclusive-bargaining representative for the production and maintenance employees of PCA. (D.E. No. 13, Union's Motion for SJ, p. 2.) On December 4, 2007, PCA discharged David Seay ("Seay"), a PCA employee whom the Union represented. (D.E. No. 13, Union's Motion for SJ, p. 2.) Pursuant to the collective bargaining agreement (the "CBA") between PCA and the Union, Seay filed a grievance against PCA for his termination, which ultimately was submitted to arbitration to determine whether Defendant properly discharged Seay, whether the discharge was for just cause, and if not, what the remedy should be. (Id. at pp. 2-3.) The Union sought to have Seay reinstated, and asked that he be "made whole." (Id. p. 3.)

The Arbitrator, Joseph Gentile ("Gentile"), issued his award on November 11, 2008, finding that Seay was not discharged for just cause. (Id.)[1] As a result, Gentile ordered that Seay be reinstated, but did not address the issue of whether PCA owed Seay back pay for the time period between his discharge and his reinstatement.[2] (Id.) Gentile declined to retain jurisdiction over the award's remedy. (D.E. No. 5, Motion to Dismiss, p. 2.)  Because the award was silent as to back pay, Defendant has not offered Seay such remuneration. (D.E. No. 13, Union's Motion for SJ, p. 3.) The Plaintiff requested that PCA give Seay back pay, believing it to be implicit

---

[1] The extent of Gentile's award reads as follows: "The termination of the grievant, Ralph David Seay, was not for cause. The grievant, Ralph David Seay, is to be reinstated to his job classification that he enjoyed as a bargaining unit employee." (D.E. No. 1, Complaint, Exhibit B, p. 8.)

[2] The Union has not specified a dollar figure for the amount of back pay to which it believes Seay is entitled. However, because the back-pay period was from December 4, 2007 until November 11, 2008, the Union avers that "the amount of back pay at issue is significant," given the fact that Seay was out of work for almost one year. (D.E. No. 13, Union's Motion for SJ, p. 4.)

from Gentile's award. (Id.) When PCA refused to do so, the Union suggested that the parties request clarification of the award from Gentile, which PCA also refused, believing the award to be unambiguous. (Id.) As a result, Gentile was unwilling to offer clarification of his ruling, stating that he would not do so unless the parties jointly made such a request. (Id. at pp. 2-3.)

Thus, Plaintiff asks the Court to: hold that back pay is "an inherent part" of Gentile's award; require the Defendant to join the Plaintiff in a request for clarification; or remand the issue to the arbitrator for clarification. (D.E. No. 1, Complaint, ¶¶ 30-32.)[3] Conversely, the Defendant, believing that the award as currently written unequivocally does not require back pay, requests that the Court enforce its interpretation.

STANDARD OF REVIEW

Cases such as the instant one, in which the parties do not dispute the material facts, are especially appropriate for summary judgment. Fed. R. Civ. P. 56(c) provides that

> judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). When the motion is supported by documentary proof, such as depositions and affidavits, the nonmoving party may not rest on the

---

[3] Plaintiff uses varying terminology throughout its memoranda as to the exact relief it seeks. At one time or another, it requests each of the following remedies: "remand," "enforcement," "confirmation," and "clarification." (D.E. No. 8, Response to Motion to Dismiss, pp. 2-9.)

3

pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; *see also* Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir.1998). It is insufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [an] asserted cause[] of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

Defendant posits two related theories by which it believes it is entitled to summary judgment. First, it claims that various statutes of limitations have run, such that the appropriate time has passed for Plaintiff to bring this action. (D.E. No. 5, Motion to Dismiss, pp. 3-6.)[4] That

---

[4] Although it is analyzing the claims in this case under the auspices of Fed. R. Civ. P. 56 summary judgment, the Court nevertheless will cite to the Defendant's motion to dismiss and Plaintiff's response thereto in order to elucidate some of the parties' arguments fully. Moreover, as Defendant has incorporated by reference its motion to dismiss into its motion for summary judgment, a full articulation of its summary judgment arguments requires the Court also to cite to the motion to dismiss—especially with regard to Defendant's contention that Plaintiff's claims are time-barred.

is, notwithstanding its terminology in its complaint and its motions, what Plaintiff actually seeks is a modification of the arbitrator's award, to which it is not entitled due to the running of the relevant statutes of limitations. (D.E. No. 12, PCA's Motion for SJ, pp. 5-6.) Second, Defendant avers that, contrary to Plaintiff's assertions, Gentile's award is unambiguous and requires no further clarification or remand. (Id. at pp. 6-9.) The Court will address each of these contentions in turn.

  A.  Statutes of Limitation and Modification

PCA asserts that the Union's lawsuit is time-barred in two ways. First, PCA cites Tenn. Code Ann. § 29-5-314 for the proposition that a court may modify an arbitration award only if a party seeks judicial modification within ninety days after delivery of the award to the applicant, and because the Union waited more than ninety days to file this lawsuit, its claims are barred. (D.E. No. 5, Motion to Dismiss, p. 4.) The Union counters that § 29-5-314 is inapposite, arguing that § 29-5-312 on "enforcement" of awards is the more germane provision. (D.E. No. 8, Response to Motion to Dismiss, p. 4.) Second, PCA contends that even if the Union's claims can be construed in such a way as to avoid application of the statute of limitations in Tenn. Code Ann. § 29-5-314, any action for modification is nonetheless time-barred by Tenn. Code Ann. § 29-5-310, which is another provision governing modification/clarification of arbitral awards. (D.E. No. 5, Motion to Dismiss, pp. 5-6.)

  1.  Tenn. Code Ann. §§ 29-5-314 and 29-5-312

Tenn. Code Ann. § 29-5-314, entitled "Awards; modification; grounds and procedure," provides, in its entirety:

> (a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.
>
> (b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.
>
> (c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

Defendant argues that Plaintiff did not file the present lawsuit until at least 109 days after it received a copy of Gentile's award. (D.E. No. 5, Motion to Dismiss, pp. 4-5) (citing D.E. No. 1, Complaint, ¶ 18.) Plaintiff does not dispute Defendant's calculations, and thus, appears to concede that it did not initiate this lawsuit within the prescribed ninety-day period.[5]

Nevertheless, Plaintiff argues that this statute is inapplicable to its present action because

> [Tenn. Code Ann. § 29-5-314] on its face is clearly intended to provide for correction or modification of minor errors in form apparent on the face of the award. The instant action does not seek to have the Court judicially correct or modify the award of Arbitrator Gentile, but rather seeks to enforce the award, or should the Court hold that the award is ambiguous as to the full remedy awarded, to remand the award to Arbitrator Gentile for clarification of his original award, not for any modifications or additions.

(D.E. No. 8, Response to Motion to Dismiss, p. 2.) In other words, Plaintiff contends that it is seeking enforcement, not modification—or at least not the sort of modification contemplated by

---

[5] By way of justifying the amount of time it waited to file this suit, the Union claims that it attempted to settle its dispute with PCA before filing suit, ostensibly arguing that the statute of limitations should not be applied to bar a litigant whose tardiness resulted from his extrajudicial efforts to resolve his differences. (D.E. No. 8, Response to Motion to Dismiss, p. 5.) While the Court appreciates the Plaintiff's apparent attempt to avoid unnecessary litigation, the Union nevertheless misunderstood the law on statutes of limitation if it believed that its knowing (albeit well-intentioned) violation of a statute of limitations would be acceptable.

6

Tenn. Code Ann. § 29-5-314. Instead, Plaintiff submits that the applicable statute is Tenn. Code Ann. § 29-5-312, which gives a court the power to "confirm an award," and which does not contain a statute of limitations. (D.E. No. 8, Response to Motion to Dismiss, p. 4.) Thus, Plaintiff argues that because it is seeking only to "enforce" the award and not to vacate[6] or make minor alterations to it, Tenn. Code Ann. § 29-5-312 is the relevant statute. (D.E. No. 8, Response to Motion to Dismiss, p. 4.)

For its part, the Defendant disputes Plaintiff's characterization of this as an enforcement action, but nevertheless contends that "[e]nforcement of Arbitrator Gentile's award results in summary judgment in favor of PCA." (D.E. No. 15, Response to Union's Motion for SJ, p. 2.) "PCA invites the Court to do as Plaintiff requests," averring that it has satisfied the sole condition of the arbitration award—reinstatement of Seay to his former job classification—such that an enforcement order from the Court would be tantamount to requiring PCA to do that which it already has done: reinstate Seay to his former job classification. (Id. at pp. 2-3.) From all of the various arguments and citations to statutory and case law by the parties, the Court concludes that neither Tenn. Code Ann. § 29-5-314 (minor modifications to an award, advanced

---

[6]   The Union also takes issue with much of the case law PCA cites in its motion to dismiss, claiming that Defendant's cases deal with *vacating* awards, pursuant to Tenn. Code Ann. § 29-5-313, which is not applicable here. (D.E. No. 8, Response to Motion to Dismiss, pp. 3-4.) As a result, the Plaintiff claims that these cases are inapposite. Assuming without deciding that the Union's contention in this regard is accurate, the Court need not address it further, because it is deciding the issues in this suit on other grounds. However, it is worth pointing out that after maligning PCA's illustrative case law, the Union offers only one case that it claims supports its position that this is an action for "confirmation," pursuant to Tenn. Code Ann. § 29-5-312: Millsaps v. Robertson-Vaughn Const. Co., Inc., 970 S.W.2d 477 (Tenn. Ct. App. 1997). Millsaps, however, is distinguishable from the present action, because in that case, the defendant failed to perform almost all of the tasks explicitly prescribed by the arbitration award, whereas in the case at bar, there is no dispute that PCA has complied with the arbitration award as written—the parties' dispute in the present case is over the potential existence of an *implicit* portion of Gentile's award. Millsaps, 970 S.W.2d at 478-79. The Union cannot maintain that PCA has ignored an express directive to give Seay back pay, because the only express directive in the award was that PCA reinstate Seay, which it has done. Thus, Millsaps is of no assistance to the Plaintiff. Notably, the court in Millsaps also pointed out that a court's power to vacate, modify, or correct an award "*must be invoked in a timely manner*; generally within ninety days of the date a copy of the award is delivered to the applicant." Id. at 480 (emphasis added).

by the Defendant) nor § 29-5-312 (enforcement/confirmation of an award, relied upon by the Plaintiff) applies to the current dispute.

From a reading of the plain language of the statute, and from the scant number of Tennessee cases that have analyzed it, § 29-5-314 appears to apply only in the limited circumstance in which one or more of the enumerated events in the statute has occurred—namely, that the arbitrator's calculations were erroneous; that the issue was not properly before the arbitrator or that the arbitrator exceeded the scope of the authority granted to him/her; or that the award was formally/procedurally defective. Tenn. Code Ann. §§ 29-5-314(a)(1)-(3); *see also* Williams Holding Co. v. Willis, 166 S.W.3d 707, 711 (Tenn. 2005) (analyzing whether arbitrator exceeded the scope of his authority); D & E Const. Co., Inc. v. Robert J. Denley Co., Inc., 38 S.W.3d 513, 516 n.5 (Tenn. 2001) (defendant argued that the "grounds set forth" in Tenn. Code Ann. § 29-5-314(a) applied to warrant modification of the award); Arnold v. Morgan Keegan & Co., Inc., 914 S.W.2d 445, 448 (Tenn. 1996) ("Section 29-5-314 provides for modification or correction of award [sic] *under alternative enumerated circumstances*") (emphasis added). Neither party has argued that any of the "enumerated circumstances" in § 29-5-314(a) are present here. Thus, that statute does not apply.

Similarly, the plain language of § 29-5-312, as interpreted by Tennessee courts, makes clear that "confirming" an award is primarily a mechanism whereby a court adds its imprimatur to an arbitrator's decision—in confirming an award, a court essentially acts as an appellate body that affirms the arbitrator's decision. Tenn. Code Ann. § 29-5-312; *see also* D & E Const. Co., 38 S.W.3d at 520-21 (discussing a court's power to confirm an award); Arnold, 914 S.W.2d at 448-52 (outlining the confirmation mechanism). Plaintiff's repeated use of the word "enforcement" presumably is meant to be synonymous with the confirmation process specified in

§ 29-5-312. However, the Court has found no authority supporting the proposition that in the process of confirming an award, a court is free to add its own interpretation of the award, making explicit that which may or may not be implicit from the award. The Union is asking the Court to confirm/"enforce" the award, when in reality, it seeks to have the Court *interpret or clarify* the award and extrapolate its true meaning. Section 29-5-312 is not expansive enough to buttress such a course of action. As a result, Plaintiff's request for the Court to "enforce" or confirm the award would, as Defendant argues, have little practical effect, given that Defendant already has complied with Gentile's award as written. If anything, confirming the award as-is likely would lead to an affirmance of the Defendant's actions as the appropriate ones. Therefore, despite Plaintiff's contention that "[t]he award of Arbitrator Gentile in the present case clearly meets the requirements for enforcement as applied in this [C]ircuit,"[7] the Court finds that the converse is true. (D.E. No. 13, Union's Motion for SJ, p. 6.)

Indeed, among all of the different remedies that the Union requests—enforcement, confirmation, and clarification/remand—the only one that could result in the relief the Union seeks is clarification.[8] The Union believes back pay to be implicit from Gentile's award, and PCA disagrees; that is the gravamen of the dispute between the parties. Thus, regardless of its nomenclature, what the Union actually wants is for either the Court or Gentile to clarify the award so that the parties know, once and for all, whether back pay is an "inherent" part of the

---

[7]    This contention is somewhat baffling, immediately following, as it does, a section of the Union's summary judgment memorandum in which Plaintiff enumerates Sixth Circuit criteria for whether a court should *vacate* an arbitrator's award. However, nothing in the section of Plaintiff's memorandum that precedes this conclusory statement has anything to do with confirming/enforcing awards; indeed, the sole Sixth Circuit opinion upon which Plaintiff relies in the quoted section states, as Plaintiff itself points out, that courts should exercise a great deal of restraint when deciding whether to vacate arbitral awards, and should only get involved in "the most egregious" of cases. (D.E. No. 13, Union's Motion for SJ, p. 6) (quoting Mich. Family Resources, Inc. v. Service Employees Intern. Union Local 517M, 475 F.3d 746, 753 (6th Cir. 2007)). Thus, it is unclear from whence Plaintiff claims to draw support for its contention that Sixth Circuit precedent "clearly" supports enforcement in this matter.
[8]    As explained *infra*, Section A.2, in this particular case, "remand" and "clarification" are part-and-parcel of the same remedy.

award. As discussed above, "enforcement" and "confirmation" appear from the Plaintiff's memoranda to be synonymous, interchangeable terms, and neither of them results in the outcome Plaintiff desires. However, "clarification," if the award were "clarified" in the way that Plaintiff wishes, actually would be beneficial to Plaintiff. The issue of "clarification" is addressed in the Tennessee Code, but in a different section from the ones discussed: Tenn. Code Ann. § 29-5-310.

    2.    <u>Tenn. Code Ann. § 29-5-310</u>

The relevant portion of Tenn. Code Ann. § 29-5-310 reads:

> On application of a party [. . .] the arbitrators may modify or correct the award upon the grounds stated in §§ 29-5-314(a)(1) and (3), *or for the purpose of clarifying the award*. The application shall be made within twenty (20) days after delivery of the award to the applicant.

<u>Id</u>. (emphasis added). PCA argues that the Union did not seek clarification from Gentile until twenty-nine days after delivery of the award, and consequently, any action for clarification is time-barred. (D.E. No. 5, Motion to Dismiss, pp. 5-6.) Once again, the Union does not controvert PCA's time calculations, and thus, appears to concede that it contacted Gentile more than twenty days after he issued his award. Instead, the Union avers that § 29-5-310 is inapplicable because "the arbitration was not being undertaken under the auspices of the Tennessee Uniform Arbitration Act." (D.E. No. 8, Response to Motion to Dismiss, p. 9.) That is, the Union contends that the provisions of Tennessee's version of the Uniform Arbitration Act ("UAA") do not apply to the present dispute, and thus, PCA cannot invoke the statute of limitations from § 29-5-310, which is part of the UAA.

Although claiming that the UAA does not apply in this instance, the Plaintiff took a contrary posture in insisting, quite exhaustively, that § 29-5-312, also part of the UAA, should be applied to "enforce" the award (*see supra* Section A.1). (D.E. No. 8, Response to Motion to Dismiss, pp. 3-9.) Plaintiff would have the Court hold that § 29-5-312 applies with regard to an

10

"enforcement" of Gentile's award, but that § 29-5-310 (modification of awards) does not, due to the fact that the UAA does not govern the CBA between the parties. Plaintiff cannot have it both ways, applying the UAA when it is beneficial, but disregarding it when it leads to an undesirable outcome.

But even if that were not the case, in seeking to have the Court enforce/confirm/remand/ clarify the award, the Plaintiff necessarily has invoked the UAA, given that the Court's review of an arbitral award is prescribed by the UAA. Although the CBA does not reflect that the parties intended it to be subject to the UAA, the parameters of the Court's review of an arbitration decision nevertheless are defined by the UAA. As a result, asking the Court for relief relating to the award necessitates application of the UAA.  Notwithstanding the foregoing, the Union concedes that the UAA's statute of limitations would apply if Plaintiff were asking the Court to *vacate* the award pursuant to § 29-5-313, but Plaintiff maintains that "that has no effect as to making any other part of the [UAA] relevant or applicable to the arbitration in this case." (D.E. No. 8, Response to Motion to Dismiss, p. 9.) Because Plaintiff is not asking the Court to vacate the arbitral award, it avers that the UAA does not apply.

In Tennessee, the UAA governs " 'the scope of judicial review of arbitration awards.' " D & E Const. Co., 38 S.W.3d at 518 (quoting Arnold, 914 S.W.2d at 447-48). A trial court's role in reviewing an arbitrator's award is limited to "those statutory provisions that establish the grounds to modify or vacate an arbitration award," as well as the "application of a party to the arbitration to 'confirm [the] award.' " D & E Const. Co., 38 S.W.3d at 518 (quoting Tenn. Code Ann. § 29-5-312 and Arnold, 914 S.W.2d at 448) (alterations in original). This Court's review of an arbitration award is extremely deferential: "In all cases warranting judicial review of arbitration awards, the trial court 'must accord deference to the arbitrators' awards.' " D & E

11

Const. Co., 38 S.W.3d at 518 (quoting Arnold, 914 S.W.2d at 448). If the Union is seeking judicial review of the arbitration award—which presumably is the entire reason for this lawsuit—such review is governed by the UAA in all cases involving requests to vacate, modify, clarify, or confirm awards. Even if Plaintiff had not invoked the UAA regarding confirmation/enforcement, the UAA nonetheless would apply to the extent that Plaintiff is alternatively seeking modification or clarification.

Section 29-5-310, entitled "Awards; modification," is the statute most germane to the relief that Plaintiff seeks—particularly because of the statute's language noting that a party may petition the arbitrator "for the purpose of clarifying the award." Tenn. Code Ann. § 29-5-310. The Tennessee Court of Appeals has clearly explained the position that Plaintiff currently occupies: "After the award is made, § 29-5-310 affords the parties twenty days to ask the arbitrator to correct or modify the award. Thereafter, the Trial Court shall confirm the award upon application under Section 29-5-312, unless grounds are asserted for vacating the award under § 29-5-313 or for modifying the award under § 29-5-314." Jones v. Cubberley, 1993 WL 17721, at *1 (Tenn. Ct. App. 1993).  No bases have been asserted for vacating or modifying the award pursuant to §§ 29-5-313 or 314(a), as discussed *supra* in Section A.1 Because the twenty-day period elapsed without the Plaintiff seeking clarification from Gentile, the Court is permitted only to confirm the award (or not), pursuant to § 29-5-312.

Furthermore, Plaintiff cannot escape this eventuality by characterizing its request as one for remand, rather than clarification/modification, because any such "remand" to Gentile would be the functional equivalent of ordering Gentile to ignore the statute of limitations in § 29-5-310. Having run afoul of that time period, Plaintiff cannot now circumvent it by characterizing its request for clarification as one for remand. The Court declines the invitation to permit the

12

Plaintiff a second bite at the apple. As a matter of public policy, Tennessee has a strong preference for both expediency and finality in arbitration awards:

> The reason for attaching such a high degree of conclusiveness to an award made by arbitrators is that the parties have, themselves, by agreement, substituted a tribunal of their own choosing for the one provided and established by law, to the end that they may avoid the expense usually incurred by litigation and bring the cause to a speedy and final determination. To permit a dissatisfied party to set aside the arbitration award and to invoke the Court's judgment upon the merits of the cause would render arbitration merely a step in the settlement of the dispute, instead of its final determination.

Arnold, 914 S.W.2d at 452; *see also* Williams Holding Co. v. Willis, 166 S.W.3d 707, 710 (Tenn. 2005) (noting that courts should proceed "with utmost caution" when reviewing arbitral awards, "in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution") (internal citations omitted). Thus, in consideration of the importance of speed and efficiency to the arbitral process, the Court will not grant the Plaintiff leave to do that which it already had ample opportunity to do on its own: seek clarification of the award from Gentile.

      B.      <u>Whether the Award is Ambiguous</u>

In the alternative, PCA contends that the award as written is unambiguous, and that Gentile, being well aware of the fact that the Union was seeking back pay, tacitly declined to award it: "Had Arbitrator Gentile intended to award backpay [sic], his years of experience as a labor arbitrator would have lead [sic] him to, at least, mention it." (D.E. No. 12, PCA's Motion for SJ, p. 8.) Conversely, the Union avers that Gentile's intent to award back pay is clear from his opinion. (D.E. No. 13, Union's Motion for SJ, pp. 6-8.) It is difficult to conclude that Gentile's intent to award back pay is "clear" from his opinion, given the fact that he did not

13

address it at all. In the alternative, however, Plaintiff argues that the award is sufficiently ambiguous as to warrant remand for clarification.[9] (Id.)

The Sixth Circuit "has recognized the need for an arbitrator's 'clarification of an ambiguous award when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation.' " (Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local 24, 357 F.3d 546, 554 (6th Cir. 2004) (quoting Green v. Ameritech Corp., 200 F.3d 967, 977 (6th Cir. 2000)). Courts may clarify ambiguous arbitral awards in two situations: first, if the award does not address a later-arising, unexpected contingency, or second, if the award is susceptible to multiple interpretations. The Court has noted, *supra* in footnote 9, that the issue of back pay in this case is not the result of a later-arising, unexpected contingency, so Gentile's award could only be characterized as "ambiguous" if it is "susceptible to more than one interpretation." Id.  Having disposed of the Union's contentions on other grounds, *supra* Section A.2, the Court need not opine as to whether Gentile's award is susceptible to more than one interpretation. The Court simply notes, however, that pursuant to the ancient interpretive maxim, *expressio unius est exclusio alterius* ("the expression of one thing is the exclusion of another"), D & E Const. Co., 38 S.W.3d at 519, it would be difficult to characterize Gentile's silence on the issue of back pay as ambiguous or capable of being interpreted multiple ways—especially given the fact that the parties presented

---

[9] In support of this contention, Plaintiff cites a Sixth Circuit case for the proposition that "[t]raditionally, if an arbitration award is ambiguous and in need of clarification, courts are made to remand back to the arbitrator to clarify its meaning and intent." Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local 24, 357 F.3d 546, 553 (6th Cir. 2004) (internal citations omitted). That case, however, is both factually and legally distinguishable from the present action. First, the Sixth Circuit in Sterling was applying Ohio statutes that, unlike the Tennessee UAA, did not prescribe a procedure for clarification of awards. Id. Second, unlike Gentile in the current action, the arbitrator in Sterling retained jurisdiction over his award, which was one of the primary factors that persuaded the Sixth Circuit that remand was the proper remedy. Id. at 554. Third, in Sterling, the parties were disputing, after the fact, whether the arbitrator, who did clarify his award, had the authority to do so. Id. In this case, Gentile has provided no such clarification. Finally, the parties in Sterling encountered an "unexpected contingency" that required clarification, whereas in the present case, the issue of back pay is anything but "unexpected," given the fact that both parties briefed and argued the issue to Gentile. Id. Thus, the Court is not convinced that Sterling is of any assistance to the Plaintiff.

the issue to him and he nevertheless declined to address it in his award. That said, due to the fact that the Court is deciding this case on the basis of the statute of limitations, no further discussion of whether the award is "ambiguous" is necessary.

## CONCLUSION

For the reasons set forth hereinbefore, the Court **GRANTS** Defendant's motion for summary judgment (D.E. No. 12), **DENIES** Plaintiff's motion for summary judgment (D.E. No. 13), and **DENIES AS MOOT** Defendant's motion to dismiss (D.E. No. 5).

**IT IS SO ORDERED** this, the 27th day of January, 2010.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE